UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21306-COOKE/Goodman

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,
    Plaintiff,

v.

U.S. CONDO EXCHANGE, LLC d/b/a CONDO.COM, RICHARD SWERDLOW, EREALESTATE HOLDINGS, LLC, and U.S. CONDO EXCHANGE INC.,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**

    Defendants, U.S. Condo Exchange, LLC d/b/a Condo.com ("US Condo"), Richard Swerdlow ("Swerdlow"), ERealestate Holdings, LLC ("ERealestate") and U.S. Condo Exchange Inc. ("USCE") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure 12(b)(6), hereby move this Court to dismiss the Complaint filed by Plaintiff, Affordable Aerial Photography, Inc. ("Plaintiff" or "AAP") (i) against Defendants Swerdlow and USCE and (ii) with respect to all unregistered photographs, for failure to state a claim, and state:

**I.    INTRODUCTION**

    This action stems from the purported unauthorized display of AAP's photographs by US Condo on the *condo.com* website. AAP claims that it is the owner of copyrights in certain photographs of buildings primarily located in Palm Beach County and areas within certain real properties, such as lobbies, pool decks, exercise facilities, bathrooms, or other common or living

areas. [DE 1, Ex. 2]. Defendants are in real estate related businesses. [DE 1 ¶¶ 3-6]. Defendant US Condo owns and manages the *condo.com* website. *Condo.com* is an online portal to connect buyers, sellers and service providers of condominiums. On the website *condo.com*, Defendant US Condo displays millions of photographs, many of which are photographs of buildings in South Florida or areas within certain real properties, such as lobbies, pool decks, exercise facilities, bathrooms, or other common or living areas. [*See* DE 1 ¶¶ 3, 4].

The purpose for the entities that AAP has sued is important, because it underscores why AAP's Complaint should be dismissed. US Condo is the operating company and is a wholly-owned subsidiary of Defendant ERealestate. Thus, Defendant ERealestate is a holding company that *indirectly* owns *condo.com* through its operating company and wholly-owned subsidiary US Condo. ERealestate does not directly own, and it does not operate the website *condo.com.*

Defendant USCE is a single-purpose entity established and maintained exclusively to hold a Texas real estate license, pursuant to Texas Real Estate Licensing law. Defendant USCE has nothing to do with owning or operating the *condo.com* website. It is unclear what information, if anything, AAP investigated prior to filing its lawsuit, to include USCE in the complaint.

In its Complaint, AAP alleges that it owns one valid[1] registered copyright registration certificate VA2-118-212 for four (4) photographs at issue in this lawsuit. [DE 1 ¶ 20]. AAP then groups the four (4) photographs with six (6) *unregistered* photographs, defining all of the photographs, collectively, as the "Works" at issue in this lawsuit. [DE 1 ¶ 18]. The unregistered photographs include: Bienstar of Palm Beach Aerial 206 AAP; Eastpointe Modern Living Roo[m], 2015 AAP; Emarude Palm Beach 2012 AAP; One City Plaza Unit 706 Bathroom 2016 AAP; One

---

[1] For purposes of this Motion to Dismiss, AAP's allegations that it owns a valid copyright registration are treated as true. However, Defendants reserve all defenses to challenge to the validity of AAP's copyright registrations.

City Plaza Unit 706 Kitchen 2016; and One City Plaza Unit 706 Living Room 2016 AAP. [*Id.*]. With no factual allegations specific to the three entities, AAP alleges that Defendants US Condo, ERealestate and USCE copied and displayed the Works on the *condo.com* website, [DE 1 ¶ 28, Ex. 3], and that such Defendants removed the Copyright Management Information ("CMI") from its photographs. [*Id.* ¶ 31].[2] AAP also concludes that Defendant Swerdlow, principal and CEO of Defendant US Condo, is vicariously liable for the alleged actions of such Defendants. [DE 1, Counts II and IV].

As fully explained below, such allegations are insufficient to state a claim (i) for vicarious liability against Defendant Swerdlow (Counts II and IV), (ii) for copyright infringement (Count I) and removal of CMI (Count III) against Defendant USCE and (iii) for copyright infringement (Count I) and vicarious liability of the same (Count II) with respect to any unregistered photographs. Accordingly, the Complaint should be dismissed.

**II.     MEMORANDUM OF LAW**

    **A.     <u>AAP Fails to State a Claim Against Defendants Swerdlow and USCE.</u>**

AAP's Complaint is replete with legal conclusions and ought to be dismissed as to Defendants Swerdlow and USCE. Although a court must accept all of the factual allegations in a complaint as true and construe them in the light most favorable to plaintiff, it is "not required to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[2] On June 6, 2019, AAP filed a nearly identical action to the present lawsuit against Defendant Condo.com in the case styled, *Affordable Aerial Photography, Inc. v. U.S. Condo Exchange LLC dba Condo.com*, Case No: 1:19-cv-2285, in the United States District Court for the Southern District of Florida for claims of (i) copyright infringement and (ii) removal of CMI.

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets in original)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  To state a claim, a plaintiff must plead more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Although "a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true[,] . . . under the *Twombly* and *Iqbal* standard, a formulaic recitation of the elements of a cause of action will not do." *Dynasty Mgmt., LLC v. Umg Recordings, Inc.*, 759 F. App'x 784, 787-88 (11th Cir. 2018).  That is the case here – AAP merely asserts conclusory allegations and threadbare recitals of the elements of its causes of action against Defendants Swerdlow and USCE.

> **1.    Counts II and IV for Vicarious Liability Against Defendant Swerdlow Should Be Dismissed Because AAP Fails to Allege a Direct Financial Interest.**

AAP fails to allege any facts to establish that any of the properties depicted in the Works were listed or associated with any property listings or transactions of Defendants, yet claims that Defendant Swerdlow is personally and vicariously liable for alleged infringement of the Works. The elements of vicarious liability for copyright infringement are: (1) "the right and ability to supervise," and (2) "a direct financial interest" in the profits from the infringing activity. *Marketran, Ltd. Liab. Co. v. Brooklyn Water Enters.*, No. 9:16-cv-81019-WPD, 2016 U.S. Dist. LEXIS 143698, at *6 (S.D. Fla. Oct. 13, 2016) (quoting *Klein & Heuchan, Inc. v. Costar Realty*

*Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 F. App'x 833 (11th Cir. 2011)). For a direct financial interest in profits, "with businesses other than dance halls, the Court cannot assume that [an] infringing activity directly affects profits." *Klein*, 707 F. Supp. 2d at 1298. A "causal relationship" must exist between the infringing activity and a financial benefit reaped by a defendant to establish vicarious liability. *See Klein,* 707 F. Supp. 2d at 1299; *Myeress v. Heidenry*, No. 1:19-cv-21568-RAR, 2019 U.S. Dist. LEXIS 205631, at *22-23 (S.D. Fla. Nov. 25, 2019) (report and recommendation affirmed and adopted in *Myeress v. Heidenry*, No. 19-CIV-21568-RAR, 2019 U.S. Dist. LEXIS 227650, at *2 (S.D. Fla. Dec. 10, 2019)) (dismissing claim for vicarious copyright infringement where, *inter alia*, plaintiff failed to allege that an infringing "[p]hotograph was displayed in a listing of a specific property or that it was connected to any real estate transaction from which [defendant] derived any profit").

AAP fails to allege "a direct financial interest in the profits" from the purported infringing activity in this case. AAP alleges that Defendant US Condo "is a company that buys, sells and rents millions of condominiums in major cities across the country." [DE 1 ¶ 3]. AAP also alleges that Defendant USCE "is a company that buys, sells and rents millions of condominiums in major cities across the country." [*Id.* ¶ 4]. Further, AAP claims that Defendant ERealestate owns real estate portals in which "the sites showcase over 25 million properties for sale, rent and vacation." [*Id.* ¶ 5]. Such sites, as alleged by AAP, receive visitors "and cost-effectively deliver exposure and qualified leads to builders, real estate professionals, service providers and homeowners." [*Id.*]. Plaintiff then merely concludes that "Swerdlow has a direct financial interest in the infringing activities of U.S. Condo Exchange, LLC, U.S. Condo Exchange, Inc., and Erealestate Holdings LLC." [*Id.* at ¶¶ 46, 60]. However, AAP's Complaint is devoid of any factual allegations of "a direct financial interest in the profits" from the purported *infringing activity* of US Condo, USCE

or ERealestate.  For example, AAP fails to allege that the purported Works were displayed in a real estate listing of a specific property or were connected to any real estate transaction from which the purported infringing Defendants derived any profit.  AAP does not allege that its Works even depict any of the properties that were offered for sale or rent by Defendants US Condo, USCE or ERealestate. Further, AAP does not allege that any of the Works show the properties that were qualified as leads for builders, real estate professionals, service providers and homeowners. Without alleging a causal connection between profits and the alleged infringing activity of Defendants US Condo, USCE or ERealeste, AAP cannot establish the second prong for vicarious liability against Defendant Swerdlow. Accordingly, AAP fails to allege a direct financial interest in the profits from the purported *infringing activity* by the purported infringing Defendants. *Myeress*, 2019 U.S. Dist. LEXIS 205631, at *22 ("Notably, the Complaint is devoid of any allegations that [defendant] closed real estate transactions as a result of the alleged copyright infringement.").  Thus, Counts II and IV for vicarious liability against Defendant Swerdlow should be dismissed.

> **2.      Counts I and III, for Copyright Infringement and Removal of CMI, Against Defendant USCE Should Be Dismissed Because the Complaint Contains No Allegations to Establish that USCE Copied the Works at Issue or Removed CMI.**

The Complaint and Exhibits attached thereto are also devoid of any facts to establish Counts I and III, for copyright infringement and removal of CMI, respectively, against USCE.  To state a claim for Count I for copyright infringement, AAP must allege sufficient facts to establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Further, to establish removal of CMI, AAP must plead sufficient facts to show that USCE *intentionally* removed or altered CMI. 17 U.S.C. §1202(b). AAP fails to plead any facts whatsoever to establish (i) the

second element of copyright infringement, i.e., that Defendant USCE copied the constituent elements of the Works at issue that are original and (ii) removal of CMI by Defendant USCE.

For copyright infringement against Defendant USCE, AAP only alleges that it owns a valid registered copyright registration certificate VA2-118-212 for four photographs. [DE 1 ¶ 20]. However, AAP merely concludes that (i) "[o]n a date after the Works at issue in this action were created, but prior to the filing of this action, [all] Defendants copied the Works[,]" (DE 1 ¶¶ 23, 24, 36), and (ii) that "Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3[.]" [DE 1 ¶ 28, Count I]. An allegation that "Defendants copied the Works" is merely a barebone conclusory allegation that does not meet the *Twombly* and *Iqbal* standard of pleading. AAP improperly groups all of the Defendants together, without making reference to a single fact attributable to USCE.[3] Even if the "group" allegation is read within the context of Exhibit 3 (attached to the Complaint), for purposes of reading the allegation in the light most favorable to Plaintiff, AAP's complaint still fails because Exhibit 3 is devoid of any evidence related to Defendant USCE. In Exhibit 3, AAP only shows its purported Works displayed on the website *condo.com*. AAP does not and cannot allege in its Complaint or in Exhibit 3 attached thereto that Defendant USCE owns or operates the website *condo.com*. As such, in the Complaint and the Exhibits, AAP fails to plead any factual allegations relating to copying, displaying, or distribution of the Works by Defendant USCE. USCE should be dismissed from the Complaint.

Nor does AAP allege any facts to establish that removal of CMI by Defendant USCE is plausible, let alone that USCE *intentionally* removed CMI. AAP cannot *in good faith* allege that

---

[3] AAP cannot allege, in good faith, that USCE committed copyright infringement, because as previously explained, USCE has nothing to do with the ownership or operation of the *condo.com* website.

USCE removed the CMI because USCE has nothing to do with the operation of the *condo.com* website.  Accordingly, AAP's formulaic recitation of elements and conclusory allegations that "Defendants copied the Works" against Defendant USCE are insufficient to establish (i) the second element of copyright infringement and (ii) removal of CMI. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Thus, Counts I and III of the Complaint, for copyright infringement and removal of CMI, respectively, should be dismissed against Defendant USCE.

> **B.    AAP Fails to State a Claim in Counts I and II related to Copyright Infringement for its Unregistered Photographs.**

AAP admits that it does not have registered copyrights in most of the Works identified in its Complaint. [DE 1 ¶ 18]. "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made[.]" 17 U.S.C. § 411(a); *Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014). The United States Supreme Court has concluded that "[u]nder §411(a), 'registration . . . has been made,' and a copyright owner may sue for infringement, when the Copyright Office registers a copyright[,]" . . . not when an application for registration is filed." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888-92 (2019) (affirming Eleventh Circuit's grant of a motion to dismiss for failure to state a claim).

In the present case, AAP cannot state a claim for copyright infringement or vicarious liability for the same with respect to its "pending" unregistered photographs.  AAP only alleges that it registered four of its photographs, in a single work with the Register of Copyrights, in registration certificate VA2-118-212. [DE 1 ¶ 20]. In its Complaint, AAP admits that the following photographs are "pending" registration:  Bienstar of Palm Beach Aerial 206 AAP; Eastpointe Modern Living Roo[m], 2015 AAP; Emarude Palm Beach 2012 AAP; One City Plaza Unit 706 Bathroom 2016 AAP; One City Plaza Unit 706 Kitchen 2016; One City Plaza Unit 706 Living

8

Room 2016 AAP (collectively, the "Unregistered Photographs"). [DE 1 ¶ 18]. Accordingly, AAP did not meet a precondition to filing its claims for copyright infringement and vicarious liability for the same relating to the Unregistered Photographs. Thus, AAP's claims for copyright infringement and vicarious liability for the same relating to the Unregistered Photographs should be dismissed. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to 'a precondition to filing a claim'"); *Fourth Estate*, 139 S. Ct. at 888-92. Thus, Counts I and II[4] relating to copyright infringement of the Unregistered Works, should be dismissed.

### III.   CONCLUSION

For the reasons explained above, Counts II and IV against Defendant Swerdlow should be dismissed in their entireties, and Counts I and III should be dismissed as to Defendant U.S. Condo Exchange Inc. (USCE) for failure to state a claim. Further, Counts I and II should be dismissed for failure to state a claim with respect to any unregistered photographs.

Dated: May 6, 2020                                              Respectfully submitted,

By: s/Darlene Barron
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@lex188.com
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@lex188.com
Roberto M. Suarez, Esq.
Florida Bar No. 95762
rsuarez@lex188.com

---

[4] A cause of action for secondary liability for copyright infringement cannot stand without an underlying direct infringement by another. *See Cable/Home Commun. Corp. v. Network Prods.*, 902 F.2d 829, 845 (11th Cir. 1990) (citing 3 Nimmer on Copyright § 12.04[A] at 12-42 to -42.1) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.").

TRUEBA & SUAREZ, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826

*Counsel for Defendants, U.S. Condo Exchange, LLC, d/b/a Condo.com, Richard Swerdlow, Erealestate Holdings, LLC, and U.S. Condo Exchange Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Darlene Barron
Darlene Barron, Esq.
Florida Bar No. 108873

## SERVICE LIST

*Affordable Aerial Photography, Inc. v. U.S. Condo Exchange, LLC, d/b/a Condo.com, et al*
Case No. 1:20-cv-21306-COOKE/Goodman
United States District Court, Southern District of Florida

| | |
|---|---|
| Joel B. Rothman<br>Florida Bar No. 98220<br>joel.rothman@sriplaw.com<br>Jason S. Weiss<br>Florida Bar No. 356890<br>jason.weiss@sriplaw.com<br>Craig A. Wirth<br>Florida Bar No. 125322<br>Craig.wirth@sriplaw.com<br><br>SRIPLAW<br>21301 Powerline Road, Suite 100<br>Boca Raton, FL 33433<br>Telephone:     (561) 404-4350<br>Facsimile:      (561) 404-4353<br><br>*Counsel for Plaintiff, Affordable Aerial Photography, Inc.*<br><br>**Via CM/ECF** | William R. Trueba, Jr., Esq.<br>Florida Bar No. 117544<br>wtrueba@lex188.com<br>Roberto M. Suarez, Esq.<br>Florida Bar No. 95762<br>rsuarez@lex188.com<br>Darlene Barron, Esq.<br>Florida Bar No. 108873<br>dbarron@lex188.com<br><br>TRUEBA & SUAREZ, PLLC<br>9150 S. Dadeland Blvd., Suite 1008<br>Miami, FL 33156<br>Telephone:     (305) 482-1001<br>Facsimile:      (786) 516-2826<br><br>*Counsel for Defendants, U.S. Condo Exchange, LLC, d/b/a Condo.com, Richard Swerdlow, Erealestate Holdings, LLC, and U.S. Condo Exchange Inc.*<br><br>**Via CM/ECF** |